IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

KATRELL IRVIN, et al.,

Defendants.                                          No. 10-30062-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Katrell Irvin's motion to continue (Doc. 29). Specifically, Defendant Katrell asks that the trial currently set for August 16, 2010 be continued for at least forty-five (45) days as the parties are currently engaged in plea negotiations and need sufficient time to determine whether an agreement can be reached. Further, Defendant's counsel needs additional time to meet with Defendant who currently resides in Chicago. The Government does not object to the motion. Co-defendant Charlie Lawrence III also does not object to the continuance. The Court, being fully advised in the premises, finds that the trial should be continued in order to allow Defendant additional time in which to discuss his case with his counsel and participate in plea negotiations. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and *all Defendants* in a speedy trial. To force a defendant to trial without adequate time to prepare would constitute a miscarriage of justice. Further, to force a defendant to trial on a case

that appears to have a potential to resolve amicably would also constitute a miscarriage of justice.

Therefore, the Court **GRANTS** Defendant Irvin's motion to continue (Doc. 29) and **CONTINUES** the trial *as to all Defendants* currently set for August 16, 2010 until **October 12, 2010 at 9:00 a.m.** The continuance applies to all non-moving Defendants, including Defendant Charlie Lawrence, III, as well. ***United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'")(quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed. 2d 432 (1992)).** The time from the date the motion was filed, August 3, 2010, until the date on which the trial was rescheduled, October 12, 2010, is excludable for purposes of a speedy trial.

In continuing the trial, the Court also notes that Defendants Irvin and Lawrence were previously given twenty-one (21) days from the date of their arraignment in which to file pre-trial motions and complete discovery. According to a recent Supreme Court decision, ***Bloate v. United States*, 130 S. Ct. 1345 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161 (h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7). *See Bloate*, 130 S. Ct. at 1352**. In light of the recent decision, the Court finds that the time granted to Defendants for preparation of

pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and all Defendants in a speedy trial. To force a defendant to trial without adequate time to prepare would have constituted a miscarriage of justice. Therefore, for purposes of the Order issued June 25, 2010, granting Defendants twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 21), the Court notes that the time from the arraignment, June 25, 2010, until the date on which the twenty-one days expired, July 16, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 3rd day of August, 2010.

/s/   DavidRHerndon
**Chief Judge**
**United States District Court**