IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**CHARLIE LAWRENCE, III, et al.,**

**Defendants.**                                                                    No.10-30062-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Charlie Lawrence, III's motion to continue (Doc. 32). Specifically, Defendant Lawrence asks that the trial currently set for October 12, 2010 be continued for at least forty-five days as Defendant wishes to explore a potential plea agreement with the Government and needs additional time to meet with his counsel in order to discuss the matter. The Government does not object to the motion, nor does counsel for Defendant Lawrence's co-defendant Katrell Irvin. The Court, being fully advised in the premises, finds that the trial should be continued in order to allow Defendant additional time in which to discuss the case with his counsel and participate in plea negotiations. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of the justice served by the granting of such a continuance outweigh the best interests of the public and *all Defendants* in a speedy trial. To force a defendant to trial on a case that appears to have a potential to resolve amicably would constitute a miscarriage of justice.

Therefore, the Court **GRANTS** Defendant Lawrence's motion to continue (Doc. 32) and **CONTINUES** the trial *as to all Defendants* currently set for October 12, 2010 until November 29, 2010 at 9:00 a.m. The continuance applies to all non-moving Defendants, including **Defendant Katrell Irvin**. ***United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'") (quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed.2d 432 (1992))**. The time from the date the motion was filed, September 27, 2010, until the date on which the trial was rescheduled, November 29, 2010, is excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 28th day of September, 2010.

/s/     David R Herndon
**Chief Judge**
**United States District Court**